[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11213

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BOBBY MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:07-cr-60153-JIC-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Bobby Martin, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the district court failed to consider his arguments that he presented extraordinary and compelling circumstances warranting a sentence reduction based on U.S.S.G. § 1B1.13(b)(5)'s "catchall" provision and a change in the caselaw determining that conspiracy to commit Hobbs Act robbery is no longer a predicate "crime of violence" under 18 U.S.C. § 924(c)(3). In response, the government moves for summary affirmance, arguing that Martin fails to challenge on appeal the district court's determinations that the 18 U.S.C. § 3553(a) factors weighed against a reduction and that Martin posed a danger to the community.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id*. We may affirm on any ground supported by the record. *United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022).

A district court may grant compassionate release under 18 U.S.C. § 3582(c)(1)(A) if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

When a district court's judgment is based on multiple, independent grounds, an appellant must convince this Court that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant fails to challenge on appeal one of the independent grounds for the district court's judgment, he has abandoned any challenge of that ground, and the judgment is due to be affirmed. *Id*.

An issue not raised on appeal will be deemed abandoned and will be addressed only in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir.) (*en banc*), *cert. denied*,

143 S. Ct. 95 (2022). A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims. *Sapuppo*, 739 F.3d at 680. Abandonment of a claim or issue can also occur when the passing references to it are made in the "statement of the case" or "summary of the argument" sections, or when only passing references appear in the argument section of an opening brief, particularly when the references are mere background to the appellant's main arguments or when they are buried within those arguments. *Id*. at 681-82.

Here, we summarily affirm the denial of Martin's § 3582(c)(1)(A) motion because Martin failed to challenge on appeal each of the district court's independent grounds for denying his motion, specifically, the district court's determination that the § 3553(a) factors weighed against a sentence reduction. *See Campbell*, 26 F.4th at 872-73; *Giron*, 15 F.4th at 1348; *Groendyke*, 406 F.2d at 1162. As Martin cannot show that each of the multiple, independent grounds for the district court's judgment is incorrect, the judgment is due to be affirmed, and Martin's appeal is thus frivolous. *Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**